## Cephas Gehr et al., Plffs. in Err., v. Amanda Miller et al.

One verdict and judgment in ejectment, obtained on the ground of the relationship of the successful party to the person last seised, is not a bar to a subsequent ejectment by the unsuccessful party, or conclusive evidence of the fact of relationship.

(Argued March 4, 1887. Decided March 14, 1887.)

January Term, 1887, No. 19, E. D., before MERCUR, Ch. J.,

NOTE.—For the conclusiveness of one judgment in an action of ejectment, see act of May 8, 1901 (P. L. 142).

PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Berks County to review a judgment on a verdict for the plaintiffs in an action of ejectment. Affirmed.

The facts as they appeared at the trial before ERMENTROUT, J., were as follows:

Catharine Gehr died in 1877, intestate, unmarried, and without issue, seised of a tract of 231 acres of land situate in Maxatawny township, Berks county. Her next of kin surviving her, of the blood of her father, the first purchaser, were Baltzer Gehr, of Crawford county, nephew and namesake of her grandfather, Baltzer Gehr of Berks county, and Hannah Nicely and Maria Rothermel, nieces of her grandmother. Her real estate descended to these three persons, related to her in the same degree.

Hannah Nicely and Maria Rothermel died shortly after Catharine Gehr; and their representatives took possession of the tract of land and denied the relationship of Baltzer Gehr. In order to establish the relationship, Baltzer Gehr brought ejectment against the Nicely and Rothermel representatives. The sole question in the suit was whether the plaintiff, Baltzer Gehr, of Crawford county, was the nephew of Baltzer Gehr of Berks county, as he claimed to be. The verdict and judgment established the relationship (Sitler v. Gehr, 105 Pa. 604, 51 Am. Rep 207), and put the plaintiff in possession of an undivided one third of the land.

The Nicely and Rothermel representatives thereupon brought an ejectment against the heirs of Baltzer Gehr (who had in the meantime died), for the same undivided third, and on the trial proved their relationship. The defendants then offered the record of the former ejectment, accompanied by the charge of the court, for the purpose of showing that the verdict and judgment in that case established the fact that Baltzer Gehr of Berks county was the uncle of Baltzer Gehr of Crawford county, as conclusive of that fact between the same parties in the pending action. The court admitted the record, simply as persuasive evidence in a second ejectment, but refused to permit the plaintiffs to show the main point of their offer, namely: That the fact of Baltzer Gehr's relationship was established by the former proceeding between the same parties.

Upon discharging a rule to show cause why a new trial

should not be granted the court below filed the following opinion:

"Neither plaintiffs nor defendants filed any exceptions to the charge of the court. The previous verdict and judgment were competent evidence, and the effect of this verdict of the jury as 'persuasive evidence' was correctly stated in the charge. During the course of the trial it was repeatedly stated to the jury that by the previous verdict the jury then trying found from the evidence then given that Baltzer Gehr of Berks county was the uncle of Baltzer Gehr of Crawford county. We see no reason why the parties plaintiffs to this action are concluded from denying the fact of such alleged relationship, or producing evidence to show that such relationship did not exist. We do not see how the former charge of the court was admissible for such purpose, or how it could have such an effect.

"It is the province of the jury and not of the court to pass upon and settle the weight of testimony and credibility of witnesses. Under the testimony submitted the jury found that the alleged relationship between Baltzer Gehr of Berks, and Baltzer Gehr of Crawford county, had no existence.

We do not consider it right to disturb their finding."

The assignment of error specified the rejection of the defendant's offer (the record of the former ejectment having previously been admitted in evidence) to prove, by the charge of the court in the former ejectment, that the verdict and judgment in the case establish the fact that Baltzer Gehr of Berks county was the uncle of Baltzer Gehr of Crawford county, whereby the parties to this action are concluded from denying that fact in this proceeding.

*John F. Smith, Isaac Hister,* and *Humes & Frey,* for plaintiffs in error.—Whenever ejectment is a substitute for another form of action, one verdict and judgment have the same conclusive effects as would follow a final decree in such other action.

One verdict and judgment are conclusive in equitable ejectment, because that ejectment is merely a substitute for a bill in equity which would be conclusive.

The plaintiff having a remedy, either by bill in equity or by ejectment, cannot by the selection of his remedy have one or two chances of recovery at his option. If he select ejectment,

it will simply be regarded as a substitute for the other form of action. Seitzinger v. Ridgway, 9 Watts, 496; Peterman v. Huling, 31 Pa. 433; Meyers v. Hill, 46 Pa. 11; Treftz v. Pitts, 74 Pa. 343; Winpenny v. Winpenny, 92 Pa. 440.

It cannot be said that the conclusiveness of one equitable ejectment depends upon the fact that originally we had no separate court with chancery powers, and that therefore a plaintiff invoking the equitable powers of the court was of necessity driven to ejectment. If that were the true reasoning, the effect of investing our courts with separate equity powers would have been to take away the conclusive effect of one equitable ejectment. Church v. Ruland, 64 Pa. 440. A controversy which involves the relationship of parties claiming real estate, as next of kin to a decedent, is determinable either in ejectment or upon an inquiry in the orphans' court on a petition for partition.

The orphans' court is by statute clothed with authority to distribute the estates of decedents among the persons entitled to the same, and by these terms are embraced creditors, heirs, next of kin, and legatees. Kittera's Estate, 17 Pa. 416; Ashford v. Ewing, 25 Pa. 213.

The orphans' court has authority to determine the title of contesting parties as an incident of distribution. Souder's Appeal, 57 Pa. 498; Dundas's Appeal, 73 Pa. 480; Otterson v. Gallagher, 88 Pa. 355; Williamson's Appeal, 94 Pa. 231.

When the seisin of the decedent of real estate is admitted, the orphans' court has jurisdiction to determine who are the heirs. 1 Rhone, Orphans' Court, 530, § 28; Davis's Estate, 9 W. N. C. 380; Armstrong's Estate, 10 W. N. C. 571.

After a partition proceeding erroneously instituted, ejectment cannot be maintained. Seider v. Seider, 5 Whart. 222.

Even parties claiming as widow and heirs of a decedent cannot maintain ejectment against each other, but must in the first instance resort to partition in the orphans' court or in the concurrent jurisdiction of the common pleas. Gourley v. Kinley, 66 Pa. 270.

It follows that as the ejectment involved simply the relationship of the plaintiff to the decedent, one verdict and judgment are conclusive of that controversy between the parties, and that the plaintiff is entitled to an undisturbed partition with his coheirs.

It was proper for the defendant to put in evidence the charge

of the court in the former ejectment, for the purpose of showing on what point the case was decided. Coleman's Appeal, 62 Pa. 272; Eckman v. Eckman, 68 Pa. 468; Follansbee v. Walker, 74 Pa. 309; Carmony v. Hoober, 5 Pa. 305.

The fact that the equity claim was decided in a former action of ejectment may be shown by parol testimony, and need not appear by the record, unaided by other evidence. Meyers v. Hill, 46 Pa. 9; Treftz v. Pitts, 74 Pa. 343.

The act of assembly of 1807, providing that two verdicts shall settle the right, has nothing to do with this contention, because only applicable to that class of cases wherein ejectment is purely a possessory action; and not where it is a substitute for another method of trial.

*Wharton Morris, Wm. H. Livingood, Geo. F. Baer,* and *A. G. Green,* for defendants in error.—The question here raised was long since settled in Mehaffy v. Dobbs, 9 Watts, 363.

If a party having no title under the intestate act petition for an inquest, his allegation of title as a tenant in common, if disputed, must be first established by ejectment in the common pleas; but if admitted, the decree founded on it is conclusive. Herr v. Herr, 5 Pa. 428, 47 Am. Dec. 416.

From these authorities it is evident that Baltzer Gehr could not apply to the orphans' court to have a disputed question of relationship determined. His only remedy was a common-law action of ejectment, in which, under the statute, two verdicts are necessary to settle the title. The reason why one verdict is conclusive in an equitable ejectment is that the question to be decided by it arises out of a contract relation between the parties or their privies. In all other cases to establish a complete title to land, two concurrent verdicts are necessary.

PER CURIAM:

This being an action of ejectment, one verdict and judgment thereon is not conclusive on the parties. It was not brought on a legal title to enforce specific performance of a contract. It therefore has not the legal incidents pertaining thereto. It follows the plaintiffs below were not precluded in this case from controverting the evidence on which a recovery was had in the former trial.

Judgment affirmed.